# OHIO FEDERAL COURTS

## Districts, Judges, Officers, Proceedings and Opinions

### No. 333
### KOBEL v. DAVIS

U. S. Dist. Court, N. D. of Ohio, E. D.

No. 11610. March 6, 1923

This opinion has not been published except in Abstract

LIMITATIONS OF ACTIONS—(1) Actions under Federal Transportation Act must be brought within two years—(2) Extent of application of the Federal Act—(3) No saving clause under Transportation Act.

WESTENHAVER, J.

#### Epitomized Opinion

Plaintiff's respective decedents, Charles and Joseph Kobel, were killed June 22, 1919, in a grade crossing accident at a B. & O. R. R. crossing. At the time the railroad's lines were being operated under federal control by a director general of railroads. Petitions were filed in 1921 for wrongful death by the administratrix,, but a demurrer was sustained to these petitions on Aug. 17, 1921, upon the ground that the director general of railroads was the proper party defendant instead of the B. & O. R. R. Co., inasmuch as the railroads were then under federal control. Although the original petitions were filed within the two-year period, this period expired when the demurrers were sustained. On Aug. 14 and 16, 1922, two other petitions were filed by the administratrix against Davis under the Transportation Act of 1920. At this time the two-year period provided in Sec. 206 of Federal Transportation Act for bringing actions against the litigating agent after the termination of federal control had expired. The defendant filed demurrers to the petitions, which were sustained by the court. The court held:

1. Under Sec. 206 of the Federal Transportation Act, passed and approved Feb. 28, 1920, and which provided for the return of the railroads to private ownership, all suits arising out of the federal operation of the railroads are barred unless brought against the litigating agent within two years from the date of the passage of that Act.

2. Sec. 206 of the Federal Transportation Act is a new and independent Federal Statute of Limitations which operates upon all causes of action growing out of federal control and the pre-existing state and federal statutes are applicable only in subordination to its terms.

3. Under the Statute of Limitations provided in the Federal Transportation Act of 1920, no reservation, exceptions or saving clauses are provided in favor of infants, married women, persons outside the United States, or other disabilities or in the event of failure otherwise than on the merits; and therefore, the two-year period provided therein can in no way be extended for a longer period of time.

Attornys—Myers and Hoover, for Kobel; and Tolles, Hogsett, Ginn & Morley, for Davis.

### No. 334
### STEINEN v. INDUSTRIAL FIBRE CORP.

U. S. Dist. Court, N. Dist. of Ohio, E. D.

No. 11664. Feb. 27, 1923

This opinion has not been published except in Abstract.

JURISDICTION—(1) A foreign corporation cannot be sued in jurisdiction where it does not do business, or have a principal agent.

WESTENHAVER, J.

#### Epitomized Opinion

This was an action brought by Steinen. The petition alleged the defendant to be a Delaware corporation maintaining its principal office and place of business in Cleveland, engaged in manufacture of artificial silk. The return showed service upon the defendant company by delivering to one Colegrove, plant manager of said company, a true certified copy of the summons. Defendant filed a motion to quash the service upon the ground that it was not engaged in business in Ohio, and did not have its principal office here. In support of the motion it filed an affidavit stating that Colegrove was an employe of the Industrial Fibre Co., an Ohio corporation. In sustaining the motion, the court held:

1. As a foreign corporation can only be sued in this district if it is doing business here, the defendant cannot be sued in this district, as it has no managing agent here upon whom service can be had.

Attorneys—Beckerman & Felsman, for plaintiff; Day, Day & Wilkin, for defendant.

### No 335
### MORRIS WIENER, Bankrupt

U. S. District Court, N. D. of Ohio, E. D.

No. 7918. Feb. 9, 1923.

This opinion has not been published except in Abstract.

BANKRUPTCY—(1) Extent of bankrupt's estate—(2) Effect of false testimony by bankrupt—(3) False oath by bankrupt bars acceptance of composition.

WESTENHAVER, J.

#### Epitomized Opinion

This case came before the District Court upon application to confirm the composition of 25% offered by a bankrupt. The report of the Special Master showed that the estate could pay 35%, and refused the composition. Various objections were filed to the Master's report. The grounds of objection were: 1. That the composition was against the best interests of the creditors. 2. That the bankrupt had been guilty of acts and had failed to perform duties which would be a bar to his discharge. 3. That the offer and its acceptance were not in good faith. In sustaining the Master's findings, the court held:

1. As there was no consideration for the conveyance from the bankrupt to his wife, that property can be considered as part of the bankrupt's assets and therefore the estate can pay a dividend of over 35% as against 25% offered in composition.

2. The bankrupt's failure to testify honestly cannot be used as a ground of or in support of the specifications in opposition otherwise than as it bears upon his credibility as a witness.

3. As the bankrupt is guilty of having made a false oath in a bankruptcy proceedings, the acceptance of the composition is barred by the Bankruptcy Act regardless of whether or not the offer is financially for the best interests of the creditors or otherwise.

Attorneys— A. R. Doak, for Bankrupt.